# Third District Court of Appeal

## State of Florida

Opinion filed September 09, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-417
Lower Tribunal No. 14-2670

_____


**Ruth C. Prevor,**
Appellant,

vs.

**Department of Health, Board of Psychology,**
Appellee.


An Appeal from the Department of Health, Board of Psychology.

Ruth C. Prevor, in proper person.

Pamela Jo Bondi, Attorney General, and Rachel W. Clark (Tallahassee), Assistant Attorney General, for appellee.


Before SUAREZ, C.J., and ROTHENBERG and LAGOA, JJ.

ROTHENBERG, J.

Ruth C. Prevor ("Dr. Prevor") appeals from a final order entered by the State

of Florida, Board of Psychology ("the Board"), denying her Application for Licensure by Endorsement. As the Board properly concluded that Dr. Prevor failed to meet the educational requirements for licensure by endorsement, we affirm.

Dr. Prevor filed an Application for Licensure by Endorsement pursuant to section 490.006(1)(c), Florida Statues (2014), which provides as follows:

> (1) The [D]epartment [of Health] shall license a person as a psychologist . . . who, upon applying to the department . . . , demonstrates . . . to the [B]oard [of Psychology] that the applicant:
> . . . .
> (c) **Possesses a doctoral degree in psychology as described in s. 490.003** and has at least 20 years of experience as a licensed psychologist in any jurisdiction or territory of the United States within 25 years preceding the date of application.

Section 490.003(3)(b), Florida Statutes (2014), provides in relevant part that a "doctoral degree in psychology" means "a Psy.D., an Ed.D. in psychology, or a Ph.D. in psychology" from an accredited educational institution with a psychology program that, "**at the time the applicant was enrolled and graduated**, had programmatic accreditation from an agency recognized and approved by the United States Department of Education." § 490.003(3)(b)2. (emphasis added). To meet the programmatic accreditation requirement of section 490.003(3)(b)2., the psychology program must be accredited by the American Psychological Association ("APA").

Dr. Prevor, a psychologist licensed in Puerto Rico with more than twenty

2

years of experience, graduated with a Ph.D. in psychology from Carlos Albizu University in Puerto Rico in 1988. At that time, the psychology program at Carlos Albizu University was not accredited by the APA.[1] Based on the lack of "programmatic accreditation," the Board concluded that Dr. Prevor's degree did not meet the educational requirements of section 490.003(3), and therefore, it denied her application. We find no error in the Board's interpretation of sections 490.006(1)(c) and 490.003(3)(b).

Dr. Prevor further argues that, even if her degree does not satisfy the educational requirements, the Board should nonetheless allow her to submit a comparability study that would allow her to establish that the Ph.D. degree she obtained at Carlos Albizu University in 1988 meets the requirements of an APA-accredited program. In making this argument, Dr. Prevor emphasizes the fact that the Board allowed one of her similarly-situated classmates to submit a comparability study, and thereafter, the Board approved his application for licensure by endorsement under section 490.006(1)(c).[2]

The Board acknowledges that it allowed Dr. Prevor's classmate to submit a comparability study and that it subsequently approved his application. The Board,

---

[1] Carlos Albizu University became accredited in 1994.

[2] Like Dr. Prevor, her classmate graduated from Carlos Albizu University in 1988 with a Ph.D. in psychology; is not licensed to practice psychology in another state, but is licensed to practice psychology in Puerto Rico; and has at least twenty years of experience as a licensed psychologist in Puerto Rico within the preceding twenty-five years.

3

however, correctly submits that it mistakenly did so because there is no provision in section 490.006(1)(c) or 490.003(3)(b) that provides that an applicant seeking licensure by endorsement under section 490.006(1)(c) can establish the educational requirements through a comparability study. However, the Board's mistake in granting a previous application on an invalid basis does not entitle Dr. Prevor to a license on that same erroneous basis. In other words, the Board's prior mistake does not require the Board to accept comparability studies for future applications for licensure by endorsement under section 490.006(1)(c). We therefore affirm the order under review denying Dr. Prevor's application.

The remaining arguments raised by Dr. Prevor do not merit discussion.

Affirmed.